MoIlvaine, J.
At common law a partnership could sue and be sued only in the name of the members of the firm.
By the act of February 27, 1816 (11 Ohio L. 66), however, it was provided that unincorporated companies formed for the purpose of carrying- on any trade or business, or for the purpose of holding any species of property within the state of Ohio, might sue or be sued in any of the courts of this state by the usual or ordinary name of the company, without setting forth in the process or pleadings the names of the members of such company. Undoubtedly, the original action was intended to be prosecuted under favor of this statute, and the only question before us is, Did the justice of the peace acquire jurisdiction of the defendant company ? The second section of the act provides “ That process against any such company or firm, under the provisions of this act, shall be served by a copy left at their usual place of doing business within the county.” It is conceded that jurisdiction was not so obtained : but it is claimed that personal, jurisdiction was acquired by constructive service under section 35 of the Justices’ act of March 11, 1853 (S. & C. 777), which provides for service by publication when property of the defendant has been taken under an order of attachment, and it shall appear that the summons issued in the action has not been and cannot be served on the defendant in the county in the manner prescribed by law.
A majority of the court are of opinion that this mode of service by publication does not apply in cases which can be prosecuted only under favor of the act of 1816, which specifically prescribes the mode of acquiring jurisdiction of the defendant company, namely, by service of process at the usual place of doing business within the county, to wit: the county in which the process was issued. The statute is special and independent. It gives a new remedy, and prescribes the *257 mode and manner of enforcing it. Being complete in itself, we think the mode prescribed for acquiring jurisdiction of the defendant, in invitum, is exclusive. This conclusion, it appears to me, is inevitable from the clear intention of the legislature that actions against companies in the firm name should be prosecuted only in the county in which its usual place of business may be situated, without regard to the residence of the members of the firm. The claim, however, of plaintiffs in error makes the non-residence of the members a test of jurisdiction in any county where property of the company may be seized in attachment, without regard to the usual place of business of the company. We think the act of 1846 is inconsistent with such claim.
Again, it is claimed by plaintiffs in error that defendants in error voluntarily appeared in the action before the justice by filing their motions to dismiss the action, &c. (See statement of case.)
It is not claimed that a voluntary appearance was intended by the defendants; but the claim is, that the filing of said motions was, in law, an appearance to the merits of the cause, and, consequently, a waiver of any objections to the mode or manner by which jurisdiction over the person of defendants was acquired.
The appearance of a defendant in court for the sole purpose of objecting, by motion, to the mode or manner in which it is claimed that jurisdiction over his person has been acquir* ed, is not an appearance in the cause, or a waiver of any defect in the manner of acquiring such jurisdiction; while, on the other hand, the appearance for the purpose of contesting the merits of the cause, whether by motion or formal pleading, is a waiver of all objections to the jurisdiction of the court over the person of defendant, whether the defendant intended such waiver or not.
In respect to this question, an important distinction is made between an objection to the jurisdiction of the subject-matter of the suit, and of the person of defendant, although complete jurisdiction in the court to hear and determine the action is *258 not acquired unless the court lias jurisdiction over both the subject-matter and the person. An objection to jurisdiction over the subject-matter is a waiver of objection to the jurisdiction of the person, while an objection to the jurisdiction of the person is a waiver of nothing.
The motions of defendants, which are relied on as an appearance in the original action, when considered in the light of the circumstances disclosed in the record, were objections to the jurisdiction of the court over the persons of defendants, and nothing more. Hence, objections to the manner of acquiring such jurisdiction were not waived.
A question somewhat similar to the present arose in Handy v. Insurance Company, 37 Ohio St. 360, in which the filing of a motion by defendant to dismiss the action was held to be a voluntary appearance in. the action. The ground of the motion in that case, however, went to the jurisdiction of the court over the subject-matter of the action, and not to the jurisdiction of the person of defendant. While the motion in that case as well as in this was to dismiss the action, that was for want of jurisdiction over the subject of the suit, this over the person of defendants.

Judgment affirmed.

Upson and Doyle, JJ., dissent from the first and second propositions of the syllabus.